

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DWIGHT RAY HILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-652-A |
| | § | |
| STATE OF TEXAS AND PARKER COUNTY SHERIFF DEPARTMENT, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration are (1) an amended civil rights complaint filed in the above action by plaintiff, Dwight Ray Hill, naming as defendants State of Texas ("State") and Parker County Sheriff Department ("Sheriff's Department"), and (2) a motion for permanent injunction.[1] Because Sheriff's Department is not an entity capable of being sued, the court is substituting Parker County ("County") for Sheriff's Department as a proper defendant. Having considered plaintiff's amended complaint and applicable legal authorities, the court concludes that the action should be dismissed. Further, having considered plaintiff's motion for permanent injunction, the court concludes

---

[1] Plaintiff filed his original complaint in the Western District of Texas on July 25, 2013. Plaintiff subsequently filed an amended complaint, titled "Violation of Civil Rights Amended 7-25-2013," on July 30, 2013, which the court is construing as an amended complaint. The action was then transferred to this court from the Western District of Texas on August 5, 2013.

that the motion should be denied.

I.

## The Complaint

In his amended complaint, plaintiff makes the following allegations: (1) he is being illegally held on a false retaliation charge and has been placed in a mental institution without evaluation by psychologists or psychiatrists; (2) Sheriff Larry Fowler instructed a jailer to inform prisoners that "plaintiff was a pedafile [sic] in order to have plaintiff beat to death to shut him up about the use of cybernetics technology by law enforcement;" (3) Parker County computer operators informed people through plaintiff's Facebook page that plaintiff is a pedofile and Sheriff's Department displayed false charges against plaintiff on a website, "slandering and libeling plaintiff's name;"[2] (4) "Parker County mind control computer operators" attempted to place child pornography on plaintiff's computer and then tried to assassinate plaintiff after he discovered it; (5) Parker County deputies illegally searched and seized plaintiff's vehicle and computer; (6) plaintiff has been

---

[2] The court notes that although plaintiff uses the terms "slandering" and "libeling," it does not appear from plaintiff's amended complaint, that plaintiff is actually asserting claims of slander or libel separate from his civil rights claim. Rather, plaintiff is apparently alleging that the actions by Parker County computer operators, which plaintiff characterizes as "slandering" and "libeling," are violations of his civil rights.

2

"electronically harrassed [sic] and tortured" with mind control chips; (7) Judge Graham Quisenberry in Parker County did not allow plaintiff to attend competency hearings, appointed plaintiff "a worthless attorney" even though "plaintiff had over four thousand dollars in the bank," refused to expunge false charges, paid an expert to testify against plaintiff, and has refused to grant various motions filed by plaintiff; and (8) plaintiff's lawsuit in state court for false arrest has not been allowed to go to trial. Am. Compl. at 1-2. Plaintiff is seeking two million dollars in damages.

II.

Evaluating the Complaint Under 28 U.S.C. § 1915A

As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A, regardless of whether he is proceeding in forma pauperis. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted, and § 1915A(b)(2) provides for sua sponte dismissal if the complaint seeks monetary relief from a defendant who is immune from such relief. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490

U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).

Although pro se complaints and arguments must be liberally construed, Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), "[a] plaintiff may not . . . plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought." Arnaud v. Odom, 870 F.2d 304, 307 (5th Cir. 1989).

Having now considered plaintiff's claims and causes of action against defendants, the court concludes that they should be dismissed under the provisions of 28 U.S.C. § 1915A.

III.

Analysis

A. Claims against State

Plaintiff's claims against State are barred by sovereign immunity. The Eleventh Amendment bars claims filed against a state without the state's consent. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Lewis v. Univ. of Texas Med. Branch at Galveston, 665 F.3d 625, 630 (5th Cir. 2011). As

there is no allegation that State has in any manner waived its right to sovereign immunity, plaintiff's claims against State are barred and must be dismissed.

B. <u>Claims against County</u>

Plaintiff's claims against County must be dismissed because plaintiff has failed to allege sufficient facts to state a claim for municipal liability under § 1983.[3] It is well-settled that local government entities such as County cannot be held liable for the acts of their employees solely on a theory of <u>respondeat superior</u>. <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 692 (1978).

Liability may be imposed against a local government entity under § 1983 only "if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." <u>Connick v. Thompson</u>, __ U.S. __, 131 S. Ct. 1350, 1359 (2011) (quoting <u>Monell</u>, 436 U.S. at 692) (internal quotation marks omitted). To hold City or County liable under § 1983 requires plaintiff to "initially allege that an official policy or custom was a cause in fact of the

---

[3] The court notes that plaintiff's amended compliant does not specifically state that plaintiff seeks relief under 42 U.S.C. § 1983. However, as plaintiff's amended complaint is titled "Violation of Civil Rights Amended 7-25-2013" and the defendants named in the case are state actors, plaintiff is presumably seeking relief under § 1983. Further, the court can discern no basis other than § 1983 for plaintiff's civil rights claims.

deprivation of rights inflicted." Spiller v. City of Texas City, Police Dept., 130 F.3d 162, 167 (5th Cir. 1997) (internal quotation marks and citation omitted). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 131 S. Ct. at 1359. Liability against local government defendants pursuant to § 1983 requires proof of a policymaker, an official policy, and a violation of constitutional rights whose "moving force" is the policy or custom. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001). Additionally, to state a claim under § 1983 requires plaintiff to allege a violation of a constitutional right. Bass v. Parkwood Hosp., 180 F.3d 234, 241 (5th Cir. 1999).

First, many of plaintiff's claims against County are insufficient to allege a violation of a constitutional right. Specifically, plaintiff has failed to state a claim for a violation of any constitutional right in his allegations that Parker County computer operators and Sheriff's Department slandered and libeled plaintiff's name; "Parker County mind control computer operators" attempted to place child pornography on his computer and then tried to assassinate plaintiff; Judge Quisenberry refused to expunge false charges, denied plaintiff's

motions, paid an expert to testify against plaintiff, and did not allow plaintiff to attend competency hearings; and plaintiff's lawsuit in state court has yet to go to trial. Therefore, these claims must fail.

Further, to the extent, if any, that plaintiff has alleged violations of his constitutional rights in his claims that he is being wrongfully incarcerated, Sheriff's Department illegally searched and seized his vehicle and computer, Judge Quisenberry denied him effective counsel, Sheriff Fowler incited other prisoners to harm him, and plaintiff has been subjected to torture with "mind control chips," these claims also fail because plaintiff has not alleged sufficient facts to state a claim for municipal liability against County. Nothing in the amended complaint alleges that an official policy or custom was a cause in fact of any deprivation of rights, nor has plaintiff identified any responsible policymaking officials. Stated differently, the amended complaint fails to allege the existence of any policymaker or official policy of County, nor does it contain specific facts showing the alleged policy was the moving force behind any constitutional violation. Therefore, plaintiff has failed to state a claim for municipal liability against County.

\* \* \* \* \* \*

Having now considered plaintiff's claims and causes of action against defendants, the court concludes that they should be dismissed under the provisions of 28 U.S.C. § 1915A.

IV.

Motion for Permanent Injunction

On August 19, 2013, plaintiff filed a motion for permanent injunction in which plaintiff requests an order enjoining Sheriff's Department and "any other agency" from "electronically harassing and torturing plaintiff using Cybernetics Technology or Telsa Wave Technology." Mot. at 1. However, plaintiff's motion appears frivolous and provides no basis for entitlement to relief; plaintiff's motion is denied.

V.

Order

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff against defendants in the above-captioned action be, and are hereby, dismissed with prejudice pursuant to

the authority of 28 U.S.C. § 1915A(b).

SIGNED September 18, 2013.

_____
JOHN McBRYDE
United States District Judge